UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
RICHARD MARCUS, :
:
                    Plaintiff, :
:
               v. : No. 10-cv-01716 (ADS)(AKT)
:
OLGA DUFOUR, LAWRENCE HAAKER, DAVID :
HAAKER, SUZANNE PERLOTH, and LISA :
GOLDBERG, :
:
                   Defendants. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :x

## **DEFENDANT OLGA DUFOUR'S ANSWER AND CLAIM IN INTERPLEADER**

Defendant Olga Dufour answers the allegations set forth in the Complaint for Statutory Interpleader filed by Plaintiff Richard Marcus as follows:

### **AS TO THE PARTIES**

1. Ms. Dufour lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint.

2. Ms. Dufour admits the allegations set forth in paragraph 2 of the Complaint.

3. Ms. Dufour lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint.

4. Ms. Dufour lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

5.     Ms. Dufour lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint.

6.     Ms. Dufour lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint.

**AS TO JURISDICTION AND VENUE**

7.     Paragraph 7 of the Complaint sets forth legal conclusions that do not require a response. To the extent that a response is required, Ms. Dufour admits, upon information and belief, the allegations set forth in paragraph 7 of the Complaint.

8.     Paragraph 8 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is required, Ms. Dufour admits, upon information and belief, the allegations set forth in paragraph 8 of the Complaint.

9.     Paragraph 9 of the Complaint sets forth legal conclusions to which no response is required. To the extent that a response is required, Ms. Dufour admits, upon information and belief, that venue is proper because (a) she lives within the territorial jurisdiction of the United States District Court for the Eastern District of New York; (b) Ms. Dufour claims a right to the interpleaded funds (the "Stake" as that term is defined in the Complaint); and (c) Lawrence Haaker claims a right to a portion of the Stake.

**AS TO THE FACTS**

10.    Upon information and belief, Ms. Dufour admits the allegations set forth in paragraph 10 of the Complaint.

11.    To the extent that paragraph 11 alleges the contents of certain documents, the documents speak for themselves, and Ms. Dufour denies the allegations set forth in paragraph 11 to the extent that they are inconsistent with the documents. Ms. Dufour lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 11.

13. 12.  To the extent that paragraph 12 alleges the contents of certain documents, the documents speak for themselves, and Ms. Dufour denies the allegations set forth in paragraph 12 to the extent that they are inconsistent with the documents. Ms. Dufour lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 12.

13.  Upon information and belief, Ms. Dufour admits the allegations set forth in paragraph 13 of the Complaint.  Ms. Dufour further states that the GSF decision was based on Ms. Furmansky's probated Last Will and Testament and explicitly stated that Ms. Furmansky left "her entire estate to her daughter Olga Dufour, who therefore inherits 5/18 from Anna[, Hugo and Susanne Marcus]."

14.  In response to paragraph 14 of the Complaint, Ms. Dufour admits that the GSF determined that she is entitled to $228,363.28, and further states, upon information and belief, that Plaintiff was charged a $28.00 fee by the GSF in conjunction with the transfer of the Stake and other funds to the Plaintiff, and that Plaintiff, in turn, deducted $14.00 from the amount to which the GSF determined Ms. Dufour is entitled to reach the amount now identified as the interpleader "Stake," which is $228,349.28.

15.  Upon information and belief, Ms. Dufour admits the allegations set forth in paragraph 15 of the Complaint.

16.  Upon information and belief, Ms. Dufour admits the allegations set forth in paragraph 16 of the Complaint.

17.     Ms. Dufour admits the allegations set forth in paragraph 17 of the Complaint.

18.     Ms. Dufour admits that Amy Furmansky had two children, Olga Dufour and Ilsa Haaker, that Ilsa Haaker predeceased Amy Furmansky, and that Ilsa Haaker had four children: Lawrence Haaker, David Haaker, Suzanne Perloth, and Lisa Goldberg.  Ms. Dufour further admits, upon information and belief, that Defendant Lawrence Haaker claims entitlement to a portion of the Stake.  Ms. Dufour lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 18 of the Complaint.

19.     Ms. Dufour lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 19 of the Complaint.

## AS TO COUNT I

20.     In response to paragraph 20 of the Complaint, Ms. Dufour realleges paragraphs 1 through 19 of this Answer with the same force and effect as if fully set forth herein.

21.     Ms. Dufour admits, upon information and belief, that she and Defendant Lawrence Haaker have asserted inconsistent, competing claims to the Stake.  Ms. Dufour lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21 of the Complaint.

22.     Upon information and belief, Ms. Dufour admits the allegations of paragraph 22 of the Complaint.

23.     Ms. Dufour lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 23 of the Complaint.

## OLGA DUFOUR'S CLAIM IN INTERPLEADER

24.     Olga Dufour is entitled to the entire interpleader Stake for at least three reasons.  *First*, Ms. Dufour is the sole heir to her mother's estate under the terms of her mother Amy Furmansky's probated Last Will and Testament (the "Will").  *Second*, Ms. Furmansky expressed to Ms. Dufour and others that Ms. Furmansky wanted her share of the proceeds from any Holocaust settlements to pass solely to Ms. Dufour, her only surviving child, in recognition of all that Ms. Dufour had done for her over the years.  *Third*, the Austrian General Settlement Fund for Victims of National Socialism (the "GSF") determined that Ms. Dufour is the sole rightful heir and recipient of the funds that constitute the Stake and awarded the Stake to Ms. Dufour, based upon the Will and the clear intention of Amy Furmansky to leave her entire estate to Ms. Dufour.

## MS. FURMANKSY LEFT HER ENTIRE ESTATE
## TO MS. DUFOUR IN HER WILL

25.     Olga Dufour is the sole surviving child of Amy Furmansky and her husband, Harold Furmansky.

26.     Olga Dufour's father, Harold Furmansky, died in 1976, leaving Amy Furmansky a widow.

27.     On May 25, 2000, Amy Furmansky executed her Will, in which she bequeathed her entire estate to her daughter, Olga Dufour.  A true and correct copy of Ms. Furmansky's Will is attached hereto as Exhibit A and is incorporated herein by reference.

28.     Ms. Furmansky's Will makes no provision for her other daughter, Mrs. Ilsa Haaker, who died in 1995.  Nor did Ms. Furmansky's Will make any provision for Ilsa Haaker's four children, who are the other defendants in the present interpleader action.

29. On or about July 11, 2002, Ms. Furmansky gave Plaintiff Richard Marcus power of attorney to pursue compensation, including the GSF claim, on her behalf for the assets her family lost in the Holocaust. On the same date, Ms. Dufour also executed a power of attorney giving Plaintiff power of attorney to pursue recovery of the assets of Anna and Susanne Marcus, who died in the Holocaust.

30. Ms. Furmansky expressed to Ms. Dufour that she wanted her share in any recovery of the family's lost assets to pass solely to her daughter, Ms. Dufour.

31. Ms. Furmansky also communicated to Plaintiff her intention that her entire estate should pass to Ms. Dufour.

32. Amy Furmansky died on January 8, 2003, leaving Olga Dufour her entire estate in her Will.

33. On or about November 15, 2005, Surrogate John B. Riordan of the Surrogate's Court of the State of New York, Nassau County entered a decree granting probate of Ms. Furmansky's Will as the last Will of Ms. Furmansky, valid to pass real and personal property. Accordingly, the Will passed to Ms. Dufour, who is the sole beneficiary under the Will, all of Ms. Furmansky's property. A true and correct copy of the decree granting probate is attached hereto as Exhibit B and is incorporated herein by reference.

### THE GSF DETERMINED MS. DUFUOR'S RIGHT TO INHERIT FROM HUGO, ANNA AND SUSANNE MARCUS AND AWARDED THE ENTIRE STAKE TO MS. DUFOUR

34. The GSF was established by the Republic of Austria in May 2001 to comprehensively resolve open questions of restitution of victims of National Socialism for losses and damages sustained as a result of events occurring on the territory of present-day Austria during the National Socialist era. The GSF was established on the basis of the Washington

6

Compensation Agreement of January 17, 2001 and endowed with $210 million dollars. The GSF resolved claims involving a wide variety of assets, including bank accounts, liquidated businesses, and real and movable property.

35. Individuals personally affected by the National Socialist property confiscation and their legal heirs were entitled to file applications for compensation awards.

36. Under the hereditary rules of the GSF, if a decedent has made a last will and testament, this last will is decisive. If there is no last will, the GSF with determine the right to an inheritance based on the Austrian law of intestate succession.

37. Through her mother, Ms. Dufour is an heir to the estates of Hugo Marcus, his wife Anna Marcus, and his daughter Susanne Marcus, of Vienna, Austria.

38. Hugo Marcus, a former bank president, died in 1937.

39. Anna Marcus died in 1942 in the Theresienstadt concentration camp.

40. Susanne Marcus died in 1944 in the Auschwitz concentration camp.

41. The pertinent Marcus family genealogy is as follows. Moritz Marcus (born 1819) had seven children: Hugo, Margarete, Edward, Marianne, Willy, Ida and Alfred. Of the seven branches descending from Moritz Marcus, only three remain today — those of Margarete (Ms. Furmansky and Ms. Dufour's Branch), Edward (Plaintiff's branch) and Marianne (the Israeli branch of the family).

42. There are no living representatives of the other four branches of the family of Susanne and Anna Marcus.

43. Margarete Marcus married Gustav Goldschmidt and had a son, Herman "Ely" Goldschmidt.

44. Ely Goldschmidt had a daughter, Amy Furmansky (née Goldschmidt) who married Harold Furmansky.

45. Amy and Harold Furmansky had two daughters, Olga Dufour (née Furmansky) and Ilsa Haaker (née Furmansky).

46. Ilsa Haaker predeceased her mother in 1995, leaving behind four surviving children who are the other defendants in this interpleader action.

47. Ms. Furmansky died in January 2003, leaving her entire estate to Ms. Dufour in her Will.

48. On or about January 2003, Plaintiff Richard Marcus submitted a claim to the GSF for the losses of Anna and Susanne Marcus (the "Marcus Claim"). A true and correct copy of the Marcus Claim is attached hereto as Exhibit C and is incorporated herein by reference.

49. In the Marcus Claim, Plaintiff indicated that the following individuals are possible heirs of Anna and Susanne Marcus: (a) Ms. Furmansky and Ms. Dufour (the "Goldsmith-Furmansky" branch of the Marcus family), who are descendants of Margarete Marcus; (b) himself, Professor George Marcus and Mr. Stephen Marcus (the "Marcus" branch), who are descendants of Edward Marcus; and (c) Ms. Edna Ben-Ami, Ms. Irit Doron, Ms. Ofra Weil, Ms. Nurit Shenhar, Mr. Michael Olles, and Ms. Jona Weil (the "Weil" branch), who are descendants or relatives of descendants of Marianne Marcus.

50. On or about December 8, 2006, Plaintiff wrote to the GSF by electronic mail to supplement the information provided in the Marcus Claim, and in that correspondence informed the GSF that the four children of Ms. Furmansky's deceased daughter, Ms. Ilsa Haaker, also are descendants of Anna and Susanne Marcus.

51. On or about March 7, 2007, counsel to Ms. Dufour wrote to Magistrate Weber of the GSF to provide a copy of Ms. Furmansky's probated will to the GSF.

52. On or about June 10, 2009, the Claims Committee of the GSF reached a decision on the Marcus Claim filed by Plaintiff. In its decision, the Claims Committee of the GSF determined that Ms. Dufour is eligible to inherit a 5/18 share of the estates of Hugo, Anna and Susanne Marcus because, as the Claims Committee wrote in the decision, "the only possible heiress from the Goldsmith-Furmansky branch was Amy Furmansky, the daughter of H. Goldsmith ... [and] [s]he died in 2003, leaving her entire estate to her daughter Olga Dufour…." A true and correct copy of this GSF decision is attached hereto as Exhibit D and is incorporated herein by reference.

53. Based upon Plaintiff's December 8, 2006 submission to the GSF, the GSF was aware at the time it made its decision that the other defendants in this interpleader action were descendants of Hugo, Anna and Susanne Marcus.

54. The GSF did not award any amount to the other defendants in this action.

55. The GSF determined that Plaintiff's claim application constituted a formal claim on behalf of Plaintiff as the applicant and that Plaintiff's two brothers and Ms. Dufour could receive compensation through the GSF's "co-heir" process.

56. Under the GSF Rules of Procedure relating to co-heirs, a valid applicant must submit a written application to the GSF within three months of the GSF's decision on the applicant's claim to seek payment of the inheritance shares of other heirs who are entitled to inherit from the same victim who is the subject of the applicant's GSF claim ("co-heirs").

57. Under the GSF Rules of Procedure, any individual who has not been determined by the GSF to be an heir is not entitled to payment from the GSF.

58. As noted above, although the GSF was aware that the other defendants are descendants of Hugo, Anna and Susanne Marcus, none of the other defendants were determined by the GSF to be eligible to inherit from Hugo, Anna or Susanne Marcus.

59. GSF policy is to pay the inheritance shares of the entitled co-heirs to the original applicant and rely on the original applicant to transfer the inheritance share to the co-heirs pursuant to separate agreements between the applicant and the co-heirs. Applications for co-heir payments are required to include a written declaration from the co-heir agreeing to this procedure.

60. On or about March 2009, in accordance with the GSF Rules of Procedure, Plaintiff filed an application with the GSF identifying Ms. Dufour as a co-heir. Upon information and belief, Plaintiff also filed applications to identify his brothers, George Marcus and Stephen Marcus, as co-heirs.

61. The other defendants in this action either filed co-heir applications and were denied or failed to file co-heir applications with the GSF.

62. On or about September 4, 2009, the GSF wrote to Plaintiff to inform him "that the way is now open for final payment in respect of your application to the General Settlement Fund." A true and correct copy of the September 4, 2009 letter and enclosures from the GSF is attached hereto as Exhibit E and is incorporated herein by reference.

63. In its September 4, 2009 letter to Plaintiff, the GSF provided the amounts of the final payments that the GSF had determined were due to Plaintiff as well as Plaintiffs' "co-heirs," including Ms. Dufour. The GSF explicitly provided that the final payment for Olga Dufour would amount to $228,363.28.

64. The GSF explained in this September 4, 2009 letter that the total sum of the payments to Plaintiff, as the applicant, and his brothers and Ms. Dufour, as co-heirs, would be transferred to Plaintiff because the GSF would transfer the total sum of the final payment "only to one account."

65. On or about February 17, 2010, Plaintiff received the total sum of the GSF final payment for Plaintiff and Plaintiffs' two brothers, and the GSF final payment for Ms. Dufour, which is referred to herein as the Stake.

66. Accordingly, Ms. Dufour is entitled to the entire Stake.

**PRAYER FOR RELIEF**

WHEREFORE, Ms. Dufour respectfully requests that the Court enter judgment:

(a) declaring that Ms. Dufour is entitled to the entire Stake;

(b) directing the Clerk of Court to pay the Stake, which was previously paid into the Registry of the Court, to Ms. Dufour;

(c) granting Ms. Dufour attorneys' fees and costs incurred in defending this action against the other defendants; and

(d) granting Ms. Dufour such other relief as the Court deems just and proper.

Dated: New York, New York
October 27, 2010

        COVINGTON & BURLING LLP

        By: /s/ Jason P. Criss
            Jason P. Criss
            The New York Times Building
            620 Eighth Avenue
            New York, NY 10018-1405
            (212) 841-1000

            Stuart E. Eizenstat*
            Kevin J. Shortill*
            Damara L. Chambers*
            COVINGTON & BURLING LLP
            1201 Pennsylvania Ave., N.W.
            Washington, D.C.  20004
            (202) 662-6000

            *Attorneys for Defendant Olga Dufour*

            *\*Admitted pro hac vice*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD MARCUS, | |
| Plaintiff, | |
| v. | No. 10-cv-01716 (ADS)(AKT) |
| OLGA DUFOUR, LAWRENCE HAAKER, DAVID HAAKER, SUZANNE PERLOTH, and LISA GOLDBERG, | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF on this 27th day of October, 2010. I also certify that the foregoing document is being served this day on all counsel of record registered to receive electronic Notices of Electronic Filing generated by CM/ECF.

By: /s/     Jason P. Criss
Jason P. Criss
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
(212) 841-1000

To:  Counsel of Record

George A. Xixis
Nutter, McClennen & Fish, LLP
Seaport West
155 Seaport Boulevard
Boston, MA 02210
(617) 439-2746
*Attorney for Plaintiff Richard Marcus*

Robert F. Brodegaard
Thompson & Knight LLP
919 Third Avenue
New York, NY 10022
(212) 751-3171
*Attorney for Defendants Lawrence Haaker, David Haaker*
     *Suzanne Perloth, and Lisa Goldberg*