**Defendant Olga Dufour's Answer and Claim in Interpleader Exhibit D**

EE Richard D. Marcus 01.05.1947
30.06.2009/mih

ALLGEMEINER ENTSCHÄDIGUNGSFONDS
FÜR OPFER DES NATIONALSOZIALISMUS
*General Settlement Fund for Victims of National Socialism*

Mr.
Dr. Richard D. Marcus

68 Walnut St.
Watertown
MA 02472
USA

Vienna, 2 July 2009

Dear Mr. Marcus,

I refer to your application to the General Settlement Fund and write to inform you that the Claims Committee has reopened the procedure on your claim.

Enclosed you will find the new decision on your claim. Please note that this decision is **not** subject to the possibility of any further revision.

If you require further explanation, the staff at the Fund remain at your disposal and can be contacted as follows:

Allgemeiner Entschädigungsfonds
Parlament, A-1017 Wien, Austria
Tel. (+43 1) 408 12 63, fax (+43 1) 310 0088
http://www.generalsettlementfund.org

Yours faithfully

Sir Franklin Berman
(Chairman of the Claims Committee)

Enclosure:   New decision of the Claims Committee

EE Richard D. Marcus 01.05.1947
30.06.2009/mih

ALLGEMEINER ENTSCHÄDIGUNGSFONDS
FÜR OPFER DES NATIONALSOZIALISMUS
General Settlement Fund for Victims of National Socialism
ANTRAGSKOMITEE · CLAIMS COMMITTEE

The Claims Committee of the General Settlement Fund for Victims of National Socialism takes the following

## DECISION

on the application of

### Dr. Richard D. Marcus,
### born on 1 May 1947

by its Chairman Sir Franklin Berman and the Members of the Claims Committee G. Jonathan Greenwald and Dr. Kurt Hofmann.

*The Claims Committee already decided on this application, and Richard Marcus was informed of the second decision in January 2009. In that decision, the Claims Committee erred in valuating the loss in the category 'Stocks/Securities' of Anna Marcus and in deducting the Bank Austria payment in the category 'Stocks/Securities' of Susanne Marcus.*
*The Claims Committee has therefore decided to reopen the case and to take the following new decision:*

**1. Losses of Anna Marcus, born on 27 January 1866**
The applicant is entitled to an inheritance share of 5/54.
   Anna Marcus died in 1942, her sole heiress was her daughter Susanne Marcus, who died intestate, unmarried and without issue. The Austrian probate court recognized Susanne Marcus' cousin Moritz Marcus as her sole heir. However, Moritz Marcus only acted as a trustee for his cousins, and afterwards he and Henry Marcus concluded a settlement, in accordance with the original trust agreement, in which they agreed that the estate of Susanne Marcus be divided share and share alike among themselves and their following cousins: Paul Marcus, Hanni Stone, Kurt Marcus and Eva Weil. Moritz Marcus' sole heiress was his widow Paula Marcus. No descendants are known of Paul and Kurt Marcus and of Hanni Stone, and it is not known whether they were survived by Moritz Marcus. Kurt Marcus' heirs are thus the children of his brother Henry (Richard, George and Stephen). The heirs of Paul Marcus and Hanni Stone are their cousins Henry Marcus, Eva Weil and H. Goldsmith and the descendants of those cousins, respectively.
   However, the heirs of Eva Weil's children Paul Helmut Weil and Shoshana Olles as well as Richard Marcus agreed to divide the inheritance of Anna Marcus as follows: 1/3 to the (Henry) Marcus branch, 1/3 to the Goldsmith-Furmansky branch and 1/3 to the Weil-Olles branch. This agreement covers 5/6 of the inheritance because the parties to the settlement could not dispose of the share of 1/6 originally allocated to Moritz Marcus and then inherited by his wife Paula Marcus. As the agreement does not address the issue of distribution within the branches, it is assumed that each of the 1/3-shares must be divided equally between the possible heirs.
   This means that Richard Marcus and his brothers Stephen and George are entitled to 5/54 each and the six heirs of Eva Weil to 5/108 each of Anna Marcus' estate. Finally, at the time the settlement was made the only possible heiress from the Goldsmith-Furmansky branch was Amy Furmansky, the daughter of H. Goldsmith. She died in 2003, leaving her entire estate to her

EE Richard D. Marcus 01.05.1947
30.06.2009/mih

*daughter Olga Dufour, who therefore inherits 5/18 from Anna Marcus.*

**1.1. Movable Property:** according to the property declaration of Anna Marcus
The applicant has chosen the claims-based process.
The claim is **accepted in the claims-based process**. The loss is assessed at US-$ 102,463.12.
Taking into account the applicant's inheritance right the claim amounts to **US-$ 9,487.33.**

**1.2. Stocks / Securities:** according to the property declaration of Anna Marcus
The applicant has chosen the claims-based process.
Compensation for this claim has already been awarded on the basis of other measures.
This compensation was taken into consideration in evaluating the claim.
> *By decision of the 'Finanzlandesdirektion' of 29 August 1950 several stocks were restituted to Moritz Marcus, who had been recognized as sole heir of Susanne Marcus by an Austrian court decision. Furthermore, there was a payment of USD 182,250 on the basis of the Bank Austria settlement.*

The claim is **accepted in the claims-based process**. The loss is assessed at US-$ 101,513.17.
Taking into account the applicant's inheritance right the claim amounts to **US-$ 9,399.37.**

**1.3. Insurance Policies:** no further details; ICHEIC claim no. 120.508
The applicant has chosen the claims-based process.
Ownership has not been established.
> *The applicant did not provide any details regarding the claimed insurance policy. In the application form, no particular insurance company was named. The office of the General Settlement Fund carried out extensive research to establish the existence of such a policy, but no indications could be detected.*

The claim was dismissed in the claims-based-process and was therefore transferred to the equity-based process.
Ownership has not been established.
> *The ownership was not made plausible due to the above-mentioned reasons.*

The claim is **dismissed in the equity-based process**.
> *The applicant has also filed an application with ICHEIC (International Commission on Holocaust Era Insurance Claims). In accordance with the Agreement concluded between the General Settlement Fund and ICHEIC on 26 November 2003, the claim was transferred to the General Settlement Fund for processing. All the information included in the claim to ICHEIC was taken into account by the General Settlement Fund in its decision.*

**1.4. Bank Credits:** according to the property declaration of Anna Marcus
The applicant has chosen the claims-based process.
The claim is **accepted in the claims-based process**. The loss is assessed at US-$ 961,578.28.
Taking into account the applicant's inheritance right the claim amounts to **US-$ 89,035.03.**

**1.5. Occupation / Education:** pension claim
The claim is **accepted in the equity-based process**. The loss is assessed at US-$ 24,567.56.
Taking into account the applicant's inheritance right the claim amounts to **US-$ 2,274.77.**

## 2. Losses of Henry Marcus, born on 24 July 1907
The applicant is entitled to an inheritance share of 1/3.
> *Henry Marcus was the applicant's father. According to Austrian inheritance law his heirs are his three sons Stephen, George and Richard Marcus.*

**2.1. Movable Property:** according to the property declaration of Henry Marcus
The applicant has not made a conclusive choice of the type of process. The claim was examined in the claims-based process on the basis of the available evidence.
The claim is **accepted in the claims-based process**. The loss is assessed at US-$ 6,328.60.
Taking into account the applicant's inheritance right the claim amounts to **US-$ 2,109.53.**

**2.2. Debentures:** according to the property declaration of Henry Marcus
The applicant has not made a conclusive choice of the type of process. The claim was examined in

EE Richard D. Marcus 01.05.1947
30.06.2009/mih

the claims-based process on the basis of the available evidence.
The claim is **accepted in the claims-based process**. The loss is assessed at US-$ 50,363.49.
Taking into account the applicant's inheritance right the claim amounts to **US-$ 16,787.83**.

**2.3. Bank Credits:** according to the property declaration of Henry Marcus
The applicant has not made a conclusive choice of the type of process. The claim was examined in the claims-based process on the basis of the available evidence.
The claim is **accepted in the claims-based process**. The loss is assessed at US-$ 761.59.
Taking into account the applicant's inheritance right the claim amounts to **US-$ 253.86**.

### 3. Losses of Hugo Marcus, born on 12 May 1855
The applicant is entitled to an inheritance share of 5/54.

> Hugo Marcus died in 1937, his sole heiress was his daughter Susanne Marcus, who died intestate, unmarried and without issue. The Austrian probate court recognized Susanne Marcus' cousin Moritz Marcus as her sole heir. However, Moritz Marcus only acted as a trustee for his cousins, and afterwards he and Henry Marcus concluded a settlement, in accordance with the original trust agreement, in which they agreed that the estate of Susanne Marcus be divided share and share alike among themselves and their following cousins: Paul Marcus, Hanni Stone, Kurt Marcus and Eva Weil. Moritz Marcus' sole heiress was his widow Paula Marcus. No descendants are known of Paul and Kurt Marcus and of Hanni Stone, and it is not known whether they were survived by Moritz Marcus. Kurt Marcus' heirs are thus the children of his brother Henry (Richard, George and Stephen). The heirs of Paul Marcus and Hanni Stone are their cousins Henry Marcus, Eva Weil and H. Goldsmith and the descendants of those cousins, respectively.
> However, the heirs of Eva Weil's children Paul Helmut Weil and Shoshana Olles as well as Richard Marcus agreed to divide the inheritance of Hugo Marcus as follows: 1/3 to the (Henry) Marcus branch, 1/3 to the Goldsmith-Furmansky branch and 1/3 to the Weil-Olles branch. This agreement covers 5/6 of the inheritance because the parties to the settlement could not dispose of the share of 1/6 originally allocated to Moritz Marcus and then inherited by his wife Paula Marcus. As the agreement does not address the issue of distribution within the branches, it is assumed that each of the 1/3-shares must be divided equally between the possible heirs.
> This means that Richard Marcus and his brothers Stephen and George are entitled to 5/54 each and the six heirs of Eva Weil to 5/108 each of Hugo Marcus' estate. Finally, at the time the settlement was made the only possible heiress from the Goldsmith-Furmansky branch was Amy Furmansky, the daughter of H. Goldsmith. She died in 2003, leaving her entire estate to her daughter Olga Dufour, who therefore inherits 5/18 from Hugo Marcus.

**3.1. Immovable Property:** Oppolzergasse 6, 1010 Vienna, plot no. 843
The applicant has chosen the claims-based process.
Ownership has not been established.
> According to the historical real estate register the claimed immovable property did not belong to the Marcus family.

The claim was dismissed in the claims-based-process and was therefore transferred to the equity-based process.
Ownership has not been established.
> According to the historical real estate register the claimed immovable property did not belong to the Marcus family.

The claim is **dismissed in the equity-based process**.

**3.2. Movable Property:** according to the property declaration of Hugo Marcus
The applicant has not made a conclusive choice of the type of process. The claim was examined in the claims-based process on the basis of the available evidence.
The claim is **accepted in the claims-based process**. The loss is assessed at US-$ 555.23.
Taking into account the applicant's inheritance right the claim amounts to **US-$ 51.41**.

**3.3. Stocks / Securities:** according to the property declaration of Hugo Marcus
The applicant has chosen the claims-based process.
Compensation for this claim has already been awarded on the basis of other measures.
This compensation was taken into consideration in evaluating the claim.

EE Richard D. Marcus 01.05.1947
30.06.2009/mih

> By decision of the 'Finanzlandesdirektion' of 29 August 1950 several stocks were restituted to Moritz Marcus, who had been recognized as sole heir of Susanne Marcus by an Austrian court decision. Furthermore, there was a payment of USD 431,890 on the basis of the Bank Austria settlement.

The claim is **accepted in the claims-based process**. The loss is assessed at US-$ 1,311,121.91.
Taking into account the applicant's inheritance right the claim amounts to **US-$ 121,400.18.**

### 3.4. Debentures: according to the property declaration of Hugo Marcus
The applicant has not made a conclusive choice of the type of process. The claim was examined in the claims-based process on the basis of the available evidence.
The claim is **accepted in the claims-based process**. The loss is assessed at US-$ 53,321.67.
Taking into account the applicant's inheritance right the claim amounts to **US-$ 4,937.19.**

### 3.5. Bank Credits: according to the property declaration of Hugo Marcus
The applicant has chosen the claims-based process.
The claim is **accepted in the claims-based process**. The loss is assessed at US-$ 2,386,985.66.
Taking into account the applicant's inheritance right the claim amounts to **US-$ 221,017.19.**

## 4. Losses of Susanne Marcus, born on 27 April 1892
The applicant is entitled to an inheritance share of 5/54.

> Susanne Marcus died intestate, unmarried and without issue. The Austrian probate court recognized her cousin Moritz Marcus as her sole heir. However, Moritz Marcus only acted as a trustee for his cousins, and afterwards he and Henry Marcus concluded a settlement, in accordance with the original trust agreement, in which they agreed that the estate of Susanne Marcus be divided share and share alike among themselves and their following cousins: Paul Marcus, Hanni Stone, Kurt Marcus and Eva Weil. Moritz Marcus' sole heiress was his widow Paula Marcus. No descendants are known of Paul and Kurt Marcus and of Hanni Stone, and it is not known whether they were survived by Moritz Marcus. Kurt Marcus' heirs are thus the children of his brother Henry (Richard, George and Stephen). The heirs of Paul Marcus and Hanni Stone are their cousins Henry Marcus, Eva Weil and H. Goldsmith and the descendants of those cousins, respectively.
> However, the heirs of Eva Weil's children Paul Helmut Weil and Shoshana Olles as well as Richard Marcus agreed to divide the inheritance of Susanne Marcus as follows: 1/3 to the (Henry) Marcus branch, 1/3 to the Goldsmith-Furmansky branch and 1/3 to the Weil-Olles branch. This agreement covers 5/6 of the inheritance because the parties to the settlement could not dispose of the share of 1/6 originally allocated to Moritz Marcus and then inherited by his wife Paula Marcus. As the agreement does not address the issue of distribution within the branches, it is assumed that each of the 1/3-shares must be divided equally between the possible heirs.
> This means that Richard Marcus and his brothers Stephen and George are entitled to 5/54 each and the six heirs of Eva Weil to 5/108 each of Susanne Marcus' estate. Finally, at the time the settlement was made the only possible heiress from the Goldsmith-Furmansky branch was Amy Furmansky, the daughter of H. Goldsmith. She died in 2003, leaving her entire estate to her daughter Olga Dufour, who therefore inherits 5/18 from Susanne Marcus.

### 4.1. Immovable Property: Pfarrwiesengasse 22, 1190 Vienna, Unterdöbling, plot no. 414
The applicant has chosen the claims-based process.
The claim was finally decided by Austrian courts or administrative authorities or settled by agreement.
The applicant claims that the decision or agreed settlement constituted an extreme injustice. The application has been referred to the Committee to decide this issue.
The Committee has decided that the decision or agreed settlement did not constitute an extreme injustice.

> According to the 'Einantwortungsurkunde' of the District Court of 1010 Vienna dated 20 June 1949, Susanne Marcus' cousin Moritz Marcus was recognized as her sole heir (19 A 167/49). He then initiated restitution proceedings concerning the immovable property which were ended by a settlement in 1949: Moritz Marcus agreed to waive his claim for restitution in return for a payment of ATS 15,000.
> The applicant now claims the extreme injustice of the settlement. On the one hand she

> argues that the settlement was made without the consent or even the knowledge of the other surviving family members. Moritz Marcus was therefore not allowed to enter into such an agreement, and the Restitution Commission failed to question his legitimation. On the other hand, the applicant says, the settlement sum was only a fraction of the original value of the property in 1938 and thus was an immoral contract.
>
> The Claims Committee passes the following decision:
> As the recognized heir of Susanne Marcus, Moritz Marcus had the right to claim back her property, and therefore to enter into the settlement in question. The Restitution Commissions were bound by the results of the inheritance proceedings, and the General Settlement Fund Law does not authorize the Claims Committee to examine the lawfulness of such proceedings. As a consequence, the fact that the District Court held Moritz Marcus as Susanne Marcus' sole heir does not make the settlement concluded before the Restitution Commission extremely unjust. The extreme injustice must have its origins in the settlement itself and in the circumstances in which it was made.
> In order to examine the extreme injustice of a settlement, first of all it must be compared with the hypothetical outcome of a court decision. Such a decision would have had to order the return of the property to Moritz Marcus. The purchasers, however, would have had the right to claim back those parts of the purchase price which had come to the free disposal of Susanne Marcus (section 6.2 Third Restitution Law). In this case, there was a mortgage debt of RM 31,111.07 which was paid by the purchasers. Therefore, Moritz Marcus would have had to reimburse them for this payment.
>
> For the evaluation of the settlement sum, the value the immovable property had in 1949 is decisive because without the settlement the house would have been returned to Moritz Marcus. Thus the applicant's argument that the amount of ATS 15,000 is inappropriate in comparison with the 1938 value misses the point since the relevant date is 1949. The real value of the property in 1949 is unknown, but the 'Einheitswert' (value established for the purpose of taxation), which amounted to ATS 76,300 on the 1 of January 1950, may serve as a point of departure. Taking into account that figure and deducting the debt of 31,111.07 RM (=ATS), Moritz Marcus could have expected to get the equivalent of about ATS 45,200 as a result of in-rem restitution. In the settlement, though, he contented himself with ATS 15,000, i.e. with only a third.
> However, the obvious difference between the settlement sum and the value of the property is not enough in itself to make the agreement extremely unjust. There is another condition, namely that the free will of contract of the claimant in the restitution proceedings was affected in some way, for example by lack of information concerning the true value of the property, or by economic pressure which may have forced her or him to settle the lawsuit quickly.
> Since the applicant did not provide the General Settlement Fund with any information in this regard, the Claims Committee did not come to the conclusion that the settlement represents an extreme injustice.

The claim was dismissed in the claims-based-process and was therefore transferred to the equity-based process.
The claim was finally decided by Austrian courts or administrative authorities or settled by agreement.
This decision or settlement was not inadequate.
> The Claims Committee has no reason to believe that the settlement was inadequate in the sense of Sect. 20.1 General Settlement Fund Law.

The claim is **dismissed in the equity-based process**.

**4.2. Movable Property:** according to the property declaration of Susanne Marcus
The applicant has chosen the claims-based process.
The claim is **accepted in the claims-based process**. The loss is assessed at US-$ 102,603.94.
Taking into account the applicant's inheritance right the claim amounts to **US-$ 9,500.36.**

**4.3. Stocks / Securities:** according to the property declaration of Susanne Marcus
The applicant has chosen the claims-based process.
Compensation for this claim has already been awarded on the basis of other measures.

EE Richard D. Marcus 01.05.1947
30.06.2009/mih

This compensation was taken into consideration in evaluating the claim.
> By decision of the 'Finanzlandesdirektion' of 29 August 1950 several stocks belonging to Anna and Susanne Marcus were restituted to Moritz Marcus, who had been recognized as sole heir of Susanne Marcus by an Austrian court decision. Furthermore, there was a payment of USD 494,264 on the basis of the Bank Austria settlement.

The claim is **accepted in the claims-based process**. The loss is assessed at US-$ 635,049.75. Taking into account the applicant's inheritance right the claim amounts to **US-$ 58,800.90.**

**4.4. Mortgage Claims:** Pfarrwiesengasse 22, 1190 Vienna (according to the property declaration of Susanne Marcus)
The applicant has chosen the claims-based process.
The claim was dismissed in the claims-based-process and was therefore transferred to the equity-based process.
The claim is **dismissed in the equity-based process**.
> Mortgages on the property Pfarrwiesengasse 22, 1190 Vienna, the sole owner of which was Susanne Marcus, represent liabilities of Susanne Marcus, not assets.

**4.5. Bank Credits:** according to the property declaration of Susanne Marcus
The applicant has chosen the claims-based process.
Compensation for this claim has already been awarded on the basis of other measures.
This compensation was taken into consideration in evaluating the claim.
> By decision of the 'Finanzlandesdirektion' of 29 August 1950, a bank account of 12,768 ATS was restituted to Moritz Marcus, who had been recognized as sole heir of Susanne Marcus by an Austrian court decision

The claim is **accepted in the claims-based process**. The loss is assessed at US-$ 2,086,210.48. Taking into account the applicant's inheritance right the claim amounts to **US-$ 193,167.64.**

## 5. Losses of Adolph Popper
The applicant's inheritance claim has not been established.
> The applicant did not provide any evidence to establish his relationship to Adolph Popper or his right to inheritance.

**5.1. Insurance Policies:** ÖVAG, policy no. 133.528; ICHEIC claim no. 127.677
The applicant has chosen the claims-based process.
The claim was dismissed in the claims-based-process and was therefore transferred to the equity-based process.
The claim is **dismissed in the equity-based process**.
> The applicant has also filed an application with ICHEIC (International Commission on Holocaust Era Insurance Claims). In accordance with the Agreement concluded between the General Settlement Fund and ICHEIC on 26 November 2003, the claim was transferred to the General Settlement Fund for processing. All the information included in the claim to ICHEIC was taken into account by the General Settlement Fund in its decision.

## 6. Losses of Sigmund Popper
The applicant's inheritance claim has not been established.
> The applicant did not provide any evidence to establish his relationship to Sigmund Popper or his right to inheritance. According to the applicant Sigmund Popper was a son of Therese Popper, a sister of the applicant's great-grand-father Sigmund Strakosch. However, according to the family tree the applicant included in his application, Sigmund had a daughter Lillian as well as 11 siblings who also had descendants. All these relatives are nearer related to Sigmund Popper than the applicant and would rather be Sigmund Popper's legal heirs.

**6.1. Insurance Policies:** Gemeinde Wien, policy no. 187.893; ICHEIC claim no. 127.676
The applicant has chosen the claims-based process.
The claim was dismissed in the claims-based-process and was therefore transferred to the equity-based process.
The claim is **dismissed in the equity-based process**.
> The applicant has also filed an application with ICHEIC (International Commission on

EE Richard D. Marcus 01.05.1947
30.06.2009/mih

*Holocaust Era Insurance Claims). In accordance with the Agreement concluded between the General Settlement Fund and ICHEIC on 26 November 2003, the claim was transferred to the General Settlement Fund for processing. All the information included in the claim to ICHEIC was taken into account by the General Settlement Fund in its decision.*

### 7. Losses of Marianne Quittner Wolf

**ad 7.1. Insurance Policies:** Anker, policy no 103.882; ICHEIC claim no 127.672
The applicant has chosen the claims-based process.
The claim was finally decided by Austrian courts or administrative authorities or settled by agreement.
The applicant does not claim that the decision or agreed settlement constituted an extreme injustice.
*The policy was restituted by decision of the Finanzlandesdirektion in 1950 (VR-V 6717-6/50).*
The claim was dismissed in the claims-based-process and was therefore transferred to the equity-based process.
The claim was finally decided by Austrian courts or administrative authorities or settled by agreement.
This decision or settlement was not inadequate.
*The policy was restituted by decision of the Finanzlandesdirektion in 1950 (VR-V 6717-6/50). The Claims Committee has no reason to believe that the decision was inadequate in the sense of Sect. 20.1 General Settlement Fund Law.*
The claim is **dismissed in the equity-based process**.
*The applicant has also filed an application with ICHEIC (International Commission on Holocaust Era Insurance Claims). In accordance with the Agreement concluded between the General Settlement Fund and ICHEIC on 26 November 2003, the claim was transferred to the General Settlement Fund for processing. All the information included in the claim to ICHEIC was taken into account by the General Settlement Fund in its decision.*

### 8. Losses of Abraham Schorr
The applicant is entitled to an inheritance share of 1/6.
*Abraham Schorr was the applicant's maternal grandfather. According to Austrian inheritance law his heirs were his two children Robert Schorr and Valerie Marcus. The heirs of Valerie Marcus are her three children Stephen, George and Richard Marcus. The heirs of Robert Schorr are his children Alfred Schorr and Annette Leonard.*

**8.1. Movable Property:** household goods and personal valuables (furniture, furnishings, plates, china, glassware, stem-wear, cutlery, serving pieces, linen, rugs)
The applicant has not made a conclusive choice of the type of process. The claim was examined in the equity-based process on the basis of the available evidence.
The claim is **accepted in the equity-based process**. The loss is assessed at US-$ 4,495.21.
Taking into account the applicant's inheritance right the claim amounts to **US-$ 749.20.**

**8.2. Business:** dressmaker, Favoritenstraße 126, 1100 Vienna
The applicant has not made a conclusive choice of the type of process. The claim was examined in the claims-based process on the basis of the available evidence.
The claim is **accepted in the claims-based process**. The loss is assessed at US-$ 24,567.56.
Taking into account the applicant's inheritance right the claim amounts to **US-$ 4,094.59.**

**8.3. Occupation / Education:** businessman, dressmaker
The claim is **accepted in the equity-based process**. The loss is assessed at US-$ 12,283.78.
Taking into account the applicant's inheritance right the claim amounts to **US-$ 2,047.30.**

### 9. Losses of Marie Schorr
The applicant is entitled to an inheritance share of 1/6.
*Marie Schorr was the applicant's maternal grandmother. According to Austrian inheritance law her heirs were her two children Robert Schorr and Valerie Marcus. The heirs of Valerie Marcus are her three children Stephen, George and Richard Marcus. The heirs of Robert Schorr are his children*

EE Richard D. Marcus 01.05.1947
30.06.2009/mih

*Alfred Schorr and Annette Leonard.*

**9.1. Movable Property:** personal valuables (furniture, furnishings, plates, china, glassware, cutlery, serving pieces, linen, rugs)
The applicant has not made a conclusive choice of the type of process. The claim was examined in the equity-based process on the basis of the available evidence.
The claim is **accepted in the equity-based process**. The loss is assessed at US-$ 899.04.
Taking into account the applicant's inheritance right the claim amounts to **US-$ 149.84.**

### 10. Losses of Oskar Strakosch

**ad 10.1. Insurance Policies:** Phönix, policy no. 10.512.619; ICHEIC claim no. 127.680
The applicant has chosen the claims-based process.
Compensation for this claim has already been awarded on the basis of other measures.
The claim is already fully compensated by this measure.
  *The policy was paid out on 24 July 1956.*
The claim was dismissed in the claims-based-process and was therefore transferred to the equity-based process.
Compensation for this claim has already been awarded on the basis of other measures.
The claim is already fully compensated by this measure.
  *The policy was paid out on 24 July 1956.*
The claim is **dismissed in the equity-based process**.
  *The applicant has also filed an application with ICHEIC (International Commission on Holocaust Era Insurance Claims). In accordance with the Agreement concluded between the General Settlement Fund and ICHEIC on 26 November 2003, the claim was transferred to the General Settlement Fund for processing. All the information included in the claim to ICHEIC was taken into account by the General Settlement Fund in its decision.*

## III. Summary

### 1. Losses of Anna Marcus, born on 27 January 1866
  **1.1. Movable Property:** according to the property declaration of Anna Marcus
  The claim is accepted in the **claims-based process** and valued at **US-$ 9,487.33.**
  **1.2. Stocks / Securities:** according to the property declaration of Anna Marcus
  The claim is accepted in the **claims-based process** and valued at **US-$ 9,399.37.**
  **1.3. Insurance Policies:** no further details; ICHEIC claim no. 120.508
  The claim was dismissed in the claims-based-process and was therefore transferred to the equity-based process. The claim is **dismissed in the equity-based process**.
  **1.4. Bank Credits:** according to the property declaration of Anna Marcus
  The claim is accepted in the **claims-based process** and valued at **US-$ 89,035.03.**
  **1.5. Occupation / Education:** pension claim
  The claim is **accepted in the equity-based process** and valued at **US-$ 2,274.77.**
### 2. Losses of Henry Marcus, born on 24 July 1907
  **2.1. Movable Property:** according to the property declaration of Henry Marcus
  The claim is accepted in the **claims-based process** and valued at **US-$ 2,109.53.**
  **2.2. Debentures:** according to the property declaration of Henry Marcus
  The claim is accepted in the **claims-based process** and valued at **US-$ 16,787.83.**
  **2.3. Bank Credits:** according to the property declaration of Henry Marcus
  The claim is accepted in the **claims-based process** and valued at **US-$ 253.86.**
### 3. Losses of Hugo Marcus, born on 12 May 1855
  **3.1. Immovable Property:** Oppolzergasse 6, 1010 Vienna, plot no. 843
  The claim was dismissed in the claims-based-process and was therefore transferred to the equity-based process. The claim is **dismissed in the equity-based process**.
  **3.2. Movable Property:** according to the property declaration of Hugo Marcus
  The claim is accepted in the **claims-based process** and valued at **US-$ 51.41.**

EE Richard D. Marcus 01.05.1947
30.06.2009/mih

**3.3. Stocks / Securities:** according to the property declaration of Hugo Marcus
The claim is accepted in the **claims-based process** and valued at **US-$ 121,400.18.**
**3.4. Debentures:** according to the property declaration of Hugo Marcus
The claim is accepted in the **claims-based process** and valued at **US-$ 4,937.19.**
**3.5. Bank Credits:** according to the property declaration of Hugo Marcus
The claim is accepted in the **claims-based process** and valued at **US-$ 221,017.19.**

**4. Losses of Susanne Marcus, born on 27 April 1892**
**4.1. Immovable Property:** Pfarrwiesengasse 22, 1190 Vienna, Unterdöbling, plot no. 414
The claim was dismissed in the claims-based-process and was therefore transferred to the equity-based process. The claim is **dismissed in the equity-based process**.
**4.2. Movable Property:** according to the property declaration of Susanne Marcus
The claim is accepted in the **claims-based process** and valued at **US-$ 9,500.36.**
**4.3. Stocks / Securities:** according to the property declaration of Susanne Marcus
The claim is accepted in the **claims-based process** and valued at **US-$ 58,800.90.**
**4.4. Mortgage Claims:** Pfarrwiesengasse 22, 1190 Vienna (according to the property declaration of Susanne Marcus)
The claim was dismissed in the claims-based-process and was therefore transferred to the equity-based process. The claim is **dismissed in the equity-based process**.
**4.5. Bank Credits:** according to the property declaration of Susanne Marcus
The claim is accepted in the **claims-based process** and valued at **US-$ 193,167.64.**

**5. Losses of Adolph Popper**
**5.1. Insurance Policies:** ÖVAG, policy no. 133.528; ICHEIC claim no. 127.677
The claim was dismissed in the claims-based-process and was therefore transferred to the equity-based process. The claim is **dismissed in the equity-based process**.

**6. Losses of Sigmund Popper**
**6.1. Insurance Policies:** Gemeinde Wien, policy no. 187.893; ICHEIC claim no. 127.676
The claim was dismissed in the claims-based-process and was therefore transferred to the equity-based process. The claim is **dismissed in the equity-based process**.

**7. Losses of Marianne Quittner Wolf**
**7.1. Insurance Policies:** Anker, policy no 103.882; ICHEIC claim no 127.672
The claim was dismissed in the claims-based-process and was therefore transferred to the equity-based process. The claim is **dismissed in the equity-based process**.

**8. Losses of Abraham Schorr**
**8.1. Movable Property:** household goods and personal valuables (furniture, furnishings, plates, china, glassware, stem-wear, cutlery, serving pieces, linen, rugs)
The claim is **accepted in the equity-based process** and valued at **US-$ 749.20.**
**8.2. Business:** dressmaker, Favoritenstraße 126, 1100 Vienna
The claim is accepted in the **claims-based process** and valued at **US-$ 4,094.59.**
**8.3. Occupation / Education:** businessman, dressmaker
The claim is **accepted in the equity-based process** and valued at **US-$ 2,047.30.**

**9. Losses of Marie Schorr**
**9.1. Movable Property:** personal valuables (furniture, furnishings, plates, china, glassware, cutlery, serving pieces, linen, rugs)
The claim is **accepted in the equity-based process** and valued at **US-$ 149.84.**

**10. Losses of Oskar Strakosch**
**10.1. Insurance Policies:** Phönix, policy no. 10.512.619; ICHEIC claim no. 127.680
The claim was dismissed in the claims-based-process and was therefore transferred to the equity-based process. The claim is **dismissed in the equity-based process**.

EE Richard D. Marcus 01.05.1947
30.06.2009/mih

The claim value amounts to **US-$ 740,042.41**.
(This claim value consists of the amounts which were accepted in the **claims-based procedure**.)

The assessed value in the equity-based process amounts to **US-$ 5,221.11**.
(This assessed value consists of the amounts which were accepted in the **equity-based process**.)

---

The **total payment** will only be a percentage of the value now assigned:
approaching **13 %** in the claims-based procedure (10 % as advance payment) and
around **18 %** in the equity-based process (15 % as advance payment).

---

This decision is based on the General Settlement Fund's records and knowledge at the time, when it was passed. The right to change this decision in every direction, especially for reasons of newly emerged facts or proof, remains reserved to the Claims Committee until all applications to the General Settlement Fund have been processed.

Vienna, 10 June 2009

*[signature]*

Sir Franklin Berman
(Chairman of the Claims Committee)