UNITED STATES DISRICT COURT
EASTERN DISTRICT OF NEW YORK

RICHARD MARCUS,

          Plaintiff,

v.

OLGA DUFOUR, LAWRENCE HAAKER,
DAVID HAAKER, SUZANNE PERLOTH
and LISA GOLDBERG,

          Defendants.

No.: 10-cv-01716 (ADS)(AKT)

# HAAKER DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO THE DEFENDANT OLGA DUFOUR'S MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, TO DISMISS THE CROSS-CLAIM

**BRODEGAARD & SIMONE LLC**
110 East 59th Street, 23rd Floor
New York, New York 10022
(212) 813-0620

*Attorneys for Defendants
Lawrence Haaker, David Haaker,
Suzanne Perloth and Lisa Goldberg*

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................ i

PRELIMINARY STATEMENT ........................................................................................ 1

STATEMENT OF FACTS ................................................................................................. 2

ARGUMENT ...................................................................................................................... 4

I.    THE HAAKER DEFENDANTS ARE MOVING THIS COURT
     TO AMEND THEIR ANSWER. THE AMENDED ANSWER
     WITH AMENDED COUNTER AND CROSS-CLAIMS
     WILL DETAIL THEIR CLAIMS WITH PARTICULARITY.
     THEREFORE, THE ARGUMENTS PROVIDED BY DEFENDANT
     DUFOUR WITH REGARD TO THE INSUFFICIENCY
     OF THE FACTS AND CLAIMS PROVIDED BY THE
     HAAKER DEFENDANTS SHOULD BE DENIED ....................................... 4

II.   THE WILL OF AMY FURMANSKY IS NOT APPLICABLE
     TO THE AWARD. ACCORDINGLY, THE RULES OF INTESTACY
     APPLY, THEREBY GRANTING ONE-HALF THE AWARD
     TO THE HAAKER DEFENDANTS ............................................................... 4

III.  THE ISSUANCE OF THE GSF AWARD WAS PROCURED
     THROUGH FRAUD, MISREPRESENTATION OR OTHER
     MISCONDUCT ON THE PART OF DEFENDANT DUFOUR
     AND PLAINTIFF MARCUS, THUS WARRANTING THAT
     THE AWARD BE VACATED OR OTHERWISE MODIFIED ..................... 6

CONCLUSION ................................................................................................................... 7

# TABLE OF AUTHORITIES

**Page**

## STATUTES

| | Page |
|---|---|
| Estates, Powers and Trusts Law §1-2.16 | 5 |
| Estates, Powers and Trusts Law §3-3.1 | 4 |
| Estates, Powers and Trusts Law §4-1.1 | 5 |

Defendants Lawrence Haaker, David Haaker, Suzanne Perloth and Lisa Goldberg (collectively, the "Haaker Defendants"), by their attorneys Brodegaard & Simone LLC, submit this memorandum of law in opposition to the Defendant Olga Dufour's motion for judgment on the pleadings or, in the alternative, to dismiss the cross-claim.

## PRELIMINARY STATEMENT

Defendant Olga Dufour ("Defendant Dufour") endeavors to have the court dismiss the action before the parties can be heard on the merits of the case. Defendant Dufour argues that the Haaker Defendants failed to state a cause of action and that the Haaker Defendants fail to allege sufficient facts to support their claim. This argument is easily remedied by allowing the Haaker Defendants to amend their initial answer and cross-claims in order to more clearly state a cause of action and to provide facts in support of that claim. A motion to amend the answer and to assert counterclaims against Plaintiff Richard Marcus and to assert additional cross-claims against Defendant Dufour is being filed with the Court.

Defendant Dufour attempts to obfuscate the actual issue at hand by arguing that the Haaker Defendants have no valid claim before the probate court and, therefore, have no valid claim to the Austria General Settlement Fund for Victims of National Socialism ("GSF") award (the "Award"). The Haaker Defendants have a rightful claim to the Award as descendants of Hugo Marcus, Anna Marcus and Susanna Marcus.

Amy Furmansky died on January 7, 2003. The initial claim made by Richard Marcus with the GSF was dated January 1, 2003. As of the date of the initial claim, it was sell known that Amy Furmansky was on her death bed. Therefore, she should not have been considered a

1

party to that claim. However, Richard Marcus erroneous listed Amy Furmansky as one of the "possible heirs" of Hugo Marcus, Anna Marcus and Susanna Marcus.

Furthermore, when the GSF granted the Award on or about January 8, 2009, Amy Furmansky had been deceased for approximately 6 years. Probate on Amy Furmansky's will began on or about June 16, 2004 and the decree granting probate was entered on or about November 15, 2005. The is no provision in the will regarding the Award and as the estate had been settled approximately four years prior to the Award coming into existence, it is clear that the Award was never intended to be included in the distribution of the estate.

Additionally, at the time that Richard Marcus initially applied with the GSF, he was unaware of the existence of the Haaker Defendants as "possible heirs." The family tree submitted with the original application was incorrect as it did not include the Haaker Defendants as children of Ilsa Haaker (nee Furmansky), who was the daughter of Amy Furmansky. As the Haaker Defendants were not included in the family tree, the GSF was unaware of their existence when declaring distributions amongst potential heirs.

Amy Furmansky's will is of no consequence with regards to the distribution of the Award. The GSF clearly states that without a will, the Austrian rules of intestate will dictate how the claim is to be distributed. Therefore, under these rules, the Haaker Defendants are entitled to their share of the Award.

## STATEMENT OF THE FACTS

Plaintiff Richard Marcus submitted an application dated January 1, 2003 to the GSF in which he claimed compensation for the estates of Anna Marcus, Hugo Marcus, and Susanne Marcus. (Affidavit of Lawrence Haaker ("Haaker Aff."), ¶ 3.) On the initial application,

Richard Marcus lists Amy Furmansky and Olga Dufour as "possible heirs." Amy Furmansky had two daughters, Olga Dufour and Ilsa Haaker. (Haaker Aff., ¶ 4.) Ilsa Haaker predeceased Amy Furmansky in 1995. (Haaker Aff., ¶ 4.) Ilsa Haaker was survived by her children, the Haaker Defendants. (Haaker Aff., ¶ 4.) At the time of the application, Richard Marcus was either unaware of or ignored the existence of the Haaker Defendants and therefore, did not include any of them as "possible heirs." (Haaker Aff., ¶ 5.)

Amy Furmansky died on or about January 8, 2003. (Haaker Aff., ¶ 4.) Although the application was dated January 1, 2003, Richard Marcus apparently did not submit the application until February or March of 2003 at which time Richard Marcus was or should have been aware of Amy Furmansky's death. (Haaker Aff., ¶ 3.) Richard Marcus proceeded to file the claim without adding the Haaker Defendants to the list of "possible heirs." (Haaker Aff., ¶ 6.)

On or about July 2, 2009, the GSF issued a decision in which it granted Defendant Dufour a portion of the Award, based upon Defendant Dufour being the "sole heir" of Amy Furmansky. (Haaker Aff., ¶ 7.) According to the GSF decision, "[t]his decision is based on the General Settlement Fund's records and knowledge at this time, when it was passed." (Haaker Aff., ¶ 7.) The information provided to the GSF did not include information regarding the existence of the Haaker Defendants. (Haaker Aff., ¶ 7.) The family tree that was submitted to the GSF as proof of heredity did not include the Haaker Defendants, but rather showed that Ilsa Haaker died with no heirs. (Haaker Aff., ¶ 12.) Mrs. Dufour provided Mr. Marcus with the information to prepare the family tree as both her children and grandchildren were on the family tree. (Haaker Aff., ¶12.) Therefore, the decision of the GSF was based upon incomplete information regarding the "possible heirs" of Hugo, Anna and Susanne Marcus. (Haaker Aff., ¶ 7.)

3

# ARGUMENT

## I. THE HAAKER DEFENDANTS ARE MOVING THIS COURT TO AMEND THEIR ANSWER. THE AMENDED ANSWER WITH AMENDED COUNTER AND CROSS-CLAIMS WILL DETAIL THEIR CLAIMS WITH PARTICULARITY. THEREFORE, THE ARGUMENTS PROVIDED BY DEFENDANT DUFOUR WITH REGARD TO THE INSUFFICIENCY OF THE FACTS AND CLAIMS PROVIDED BY THE HAAKER DEFENDANTS SHOULD BE DENIED

A large part of the argument made by Defendant Dufour surrounds her claim that the Haaker Defendants have failed to state a claim and failed to provide sufficient supporting evidence for their claims. This argument is the crux of Defendant Dufour's motion and, as such, the motion should be denied as the Haaker Defendants are moving this court to allow them to amend their answer and cross-claims. The facts and arguments as provided herein and the motion to amend set forth detailed facts to support a claim for relief.

## II. THE WILL OF AMY FURMANSKY IS NOT APPLICABLE TO THE AWARD. ACCORDINGLY, THE RULES OF INTESTACY APPLY, THEREBY GRANTING ONE-HALF THE AWARD TO THE HAAKER DEFENDANTS

In the case at hand, it is undisputed that Amy Furmansky died on or around January 8, 2003. (See Haaker Aff., ¶ 4 and Defendant Olga Dufour's Answer and Claim in Interpleader, Ex. C.) Probate on Amy Furmansky's will began on or about June 16, 2004 and the decree granting probate was entered on or about November 15, 2005. (See Haaker Aff., ¶ 9 and Defendant Olga Dufour's Answer and Claim in Interpleader, Ex. B.) The Award in question was not granted until on or about July 2, 2009. (See Haaker Aff., ¶ 7 and Defendant Olga Dufour's Answer and Claim in Interpleader, Ex. D.) Therefore, the Award was granted approximately four years after the estate of Amy Furmansky had been probated.

According to the New York Estates, Powers and Trusts Law ("EPTL") §3-3.1, "[u]nless the will provides otherwise, a disposition by the testator of all his property passes all of the

4

property he was entitled to dispose of at the time of his death." Amy Furmansky was not entitled to this Award at the time of her death. Nor was she entitled to the Award at the time that her will was probated. Nor was there any provision in her will as to the distribution of this property. As stated in §3-3.1, the EPTL does not allow wills to cover unknown or unforeseeable assets – assets to be included in the estate must be such that the decedent was entitled to at the time of his or her death. Therefore, the will of Amy Furmansky does not apply to this Award. As such, the Award should be divided as provided for by the GSF – when no will is provided, the rules of intestacy apply.

EPTL§4-1.1 deals with the distribution of property if property is left without a will to provide for its division. According to EPTL §4-1.1, if the decedent is survived by issue and no spouse, then the whole of the property goes to the issue, by representation. Issue is defined under EPTL §1-2.1 as "descendants in any degree from a common ancestor." Representation is defined under EPTL §1-2.16 as:

> [A] disposition or distribution of property made in the following manner to persons who take as issue of a deceased ancestor: [t]he property so passing is divided into as many equal shares as there are (i) surviving issue in the generation nearest to the deceased ancestor which contains one or more surviving issue and (ii) deceased issue in the same generation who left surviving issue, if any. Each surviving member in such nearest generation is allocated one share. The remaining shares, if any, are combined and then divided in the same manner among the surviving issue of the deceased issue as if the surviving issue who are allocated a share had predeceased the decedent, without issue.

Therefore, the Haaker Defendants, as issue of Amy Furmansky by their mother, Ilsa Haaker, are entitled to Ilsa Haaker's one-half share of the Award, to be distributed amongst them evenly.

### III. THE ISSUANCE OF THE GSF AWARD WAS PROCURED THROUGH FRAUD, MISREPRESENTATION OR OTHER MISCONDUCT ON THE PART OF DEFENDANT DUFOUR AND PLAINTIFF MARCUS, THUS WARRANTING THAT THE AWARD BE VACATED OR OTHERWISE MODIFIED

In the case at hand, it is undisputed that Amy Furmansky has two daughters, Defendant Dufour and Ilsa Haaker. Further it is undisputed that Ilsa Haaker had four children -- the Haaker Defendants. Therefore, the Haaker Defendants are descendants of Hugo, Anna and Susanne Marcus. However, at the time of the initial application, Richard Marcus was either of or ignored the existence of the Haaker Defendants. (Haaker Aff., ¶ 5.)

Defendant Dufour made no attempt to clarify the existence of the Haaker Defendants to Plaintiff Richard Marcus. Rather, Defendant Dufour, much like the omission about her mother's precarious health and subsequent passing, kept the existence of her nieces and nephews (herein the Haaker Defendants) a secret from Plaintiff Richard Marcus.

Clearly, Plaintiff Richard Marcus did not do his due diligence when researching the family tree. The family tree submitted to the GSF was obviously erroneous, as it did not include the Haaker Defendants. (Haaker Aff., ¶ 12.) However, according to the GSF, distributions amongst co-heirs must be concluded by the applicant and the co-heirs. "It is up to you together with your co-heirs to distribute the amount between yourselves. The General Settlement Fund cannot and must not take care of this matter." (See GSF Final Payment Letter, dated September 4, 2009 attached to Defendant Olga Dufour's Answer and Claim in Interpleader, Ex. E.)

As a result of a prior lawsuit, Plaintiff Richard Marcus was fully aware of the Haaker Defendants and seeing his error in omitting the Haaker Defendants from the list of co-heirs, attempted to include them in the final distribution. However, Defendant Dufour, based solely on the GSF naming her a co-heir, claimed that the Haaker Defendants were not entitled to their rightful share. The GSF named her a co-heir based upon the information provided by Plaintiff

6

Richard Marcus and nothing further than that information. The GSF states clearly that they cannot and must not be involved in the distributions amongst the co-heirs once the money was distributed to Richard Marcus. It was up to the family to come to an agreement and Defendant Dufour refused to enter into any agreement.

Furthermore, Plaintiff Richard Marcus seemingly did not inform the GSF of the existence of the Haaker Defendants once he became aware of their existence. Rather, Plaintiff Richard Marcus allowed the GSF to continue with their findings without regards to the newly discovered "possible heirs." According to the GSF, their decision was based on the GSF's records and knowledge at the time of this Award. Had Richard Marcus informed the GSF that the Haaker Defendants were "possible heirs," then the Haaker Defendants would have been named directly in the GSF Award.

## CONCLUSION

For the foregoing reasons, the Haaker Defendants respectfully request that the Court deny Defendant Dufour's motion in all respects, and grant such other and further relief as is just.

Dated: New York, New York
       December 9, 2010

**BRODEGAARD & SIMONE LLC**

By: *[signature]*
Emilie Simone

110 East 59th Street, 23rd Floor
New York, New York 10022
(212) 813-0620

*Attorneys for Defendants*
*Lawrence Haaker, David Haaker,*
*Suzanne Perloth and Lisa Goldberg*

7

UNITED STATES DISRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD MARCUS, | |
| Plaintiff, | No.: 10-cv-01716 (ADS)(AKT) |
| v. | |
| OLGA DUFOUR, LAWRENCE HAAKER, DAVID HAAKER, SUZANNE PERLOTH and LISA GOLDBERG, | **CERTIFICATE OF SERVICE** |
| Defendants. | |

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF on this 9th day of December, 2010. I also certify that the foregoing document is being served this day on all counsel of record registered to receive electronic Notices of Electronic Filing generated by CM/ECF.

By: /s/ Emilie Simone
Emilie Simone
110 East 59th Street, 23rd Floor
New York, New York 10022
(212) 813-0620

TO: COUNSEL OF RECORD

Jason P. Criss, Esq.
Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
*Attorneys for Defendant Olga Dufour*

George A. Xixis, Esq.
Nutter, McClennen & Fish, LLP
Seaport West
155 Seaport Boulevard
Boston, MA 02210
*Attorneys for Plaintiff Richard Marcus*